IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-10073-T-An |
| | ) | |
| JERRY LEE CONWAY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S *PRO SE* MOTION REQUESTING
NEW COUNSEL AND MOTION TO WITHDRAW GUILTY PLEA

Defendant has filed a motion, *pro se*, seeking to discharge his court-appointed attorney, Dianne Smothers, and have another attorney appointed to represent him. As grounds, Defendant states that his attorney has not communicated with him such that "an impasse has been reached" and that this lack of communication caused him to entered into a guilty plea "blind." Defendant seeks to withdraw his guilty plea for the same reasons. Both motions are DENIED.

Defendant is represented by an attorney and, thus, cannot file motions on his own behalf. See Green v. Dorrell, 969 F.2d 915 (10th Cir. 1992) (Represented party must have current counsel file motion to withdraw counsel.) Second, legal strategy is the province of the defense attorney. Ms. Smothers is an experienced criminal trial attorney and is aware of what advice should be given to a defendant and what issues should be raised when

negotiating a guilty plea. Not every issue that a defendant (or his "jailhouse lawyer") wants raised should be raised. An attorney has many reasons for raising, or not raising, certain issues, as well as ethical issues to consider. A court-appointed lawyer is under no obligation to cater to every demand of a defendant.

For all these reasons, Defendant's motions are DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE